**LOKER LAW, APC**
Matthew M. Loker, Esq. (279939)
matt@loker.law
Mikayla G. Regier, Esq. (354900)
mikayla@loker.law
132 Bridge Street
Arroyo Grande, CA 93420
Telephone: (805) 994-0177
Telephone: (805) 623-0633

*Attorneys for Plaintiff,*
Danielle Self

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANIELLE SELF,<br><br>Plaintiff,<br><br>v.<br><br>LVNV FUNDING LLC, AND, GURSTEL LAW FIRM P.C.,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>I. **CALIFORNIA IDENTITY THEFT ACT;**<br><br>II. **FAIR DEBT COLLECTION PRACTICES ACT;**<br><br>III. **THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT; AND**<br><br>IV. **INTRUSION UPON SECLUSION**<br><br>**JURY TRIAL DEMANDED** |

# INTRODUCTION

1. In enacting the California's Identity Theft Act, Cal. Civ. Code §§1798.92 et seq. ("CITA"), the California Legislature found that the right to privacy was being threatened by the indiscriminate collection, maintenance, and dissemination of personal information. Accordingly, CITA was enacted to combat the lack of effective laws and legal remedies in place. To protect the privacy of individuals, it is necessary that the maintenance and dissemination of personal information be subject to strict limits. Cal. Civ. Code §1798.1(a), (c).

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

consistent State action to protect consumers against debt collection abuses.

4. DANIELLE SELF ("Plaintiff"), by Plaintiff's attorneys, bring this action to challenge the actions of LVNV FUNDING LLC ("LVNV") and GURSTEL LAW FIRM P.C. ("Gurstel"), collectively called the "Defendants," with regard to attempts by Defendants to unlawfully and abusively collect an invalid debt from Plaintiff, inclusive of inaccurate credit reporting to the Credit Bureaus, and this conduct caused Plaintiff's damages.

5. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to a Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

7. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

8. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

9. Unless otherwise indicated, the use of a Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants named.

## JURISDICTION AND VENUE

10. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367 for supplemental state claims.

11. This action arises out of Defendant's violations of (i) the California Identity Theft Act, Cal. Civ. Code § 1798.82, et seq. ("CITA"); (ii) the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"); and (iii) the

Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, et seq. ("RFDCPA"); and, (iv) intrusion upon seclusion.

12. Because Defendant conduct business within the State of California, personal jurisdiction is established.

13. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in Riverside County; (ii) the conduct complained of herein occurred within this judicial district; and (iii) Defendants conducted business within this judicial district at all times relevant.

## PARTIES

14. Plaintiff is a natural person who resides in Lake Elsinore, California.

15. Plaintiff is a "debtor" as that term is defined by Cal. Civ. Code § 1788.2(h); and, a "consumer" as defined by 15 U.S.C. § 1692a(3).

16. Plaintiff is a "Victim of Identity Theft" as that term is defined by Cal. Civ. Code § 1798.82(d).

17. LVNV is a corporation located in the State of South Carolina.

18. Gurstel is a corporation operating from the State of Arizona.

19. Defendants are also each a "person" as that term is defined by Cal. Civ. Code § 1785.3(j).

20. Defendants are also each a "claimant" as that term is defined by California Civil Code § 1798.92(a).

21. LVNV and Gurstel in the ordinary course of their business, regularly, on behalf of themselves or others, engage in "debt collection" as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c) and 15 U.S.C. § 1692a(6).

22. LVNV is a "claimant" as defined by CITA.

23. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f); and, and, 15 U.S.C. § 1692a(5).

## FACTUAL ALLEGATIONS

24. At all times relevant, Plaintiff is an individual's residing within the State of California.

25. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3), and is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

26. As noted above, Plaintiff is the victim of identity theft.

27. Plaintiff determined that her information was compromised in the Equifax Data Breach and believes that issue may have caused her identity to be compromised herein.

28. Plaintiff has disputed fraudulent accounts with numerous entities and has been successful in being absolved of numerous fraudulent accounts.

29. Plaintiff had no such luck with either LVNV or Gurstel unfortunately.

30. In or about October 2023, Plaintiff received a written communication from LVNV's counsel, Gurstel, seeking to collect a fraudulent debt from Plaintiff.

31. Through this conduct, Gurstel violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations in connection with the collection of the debt from Flores. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Gurstel also violated Cal. Civ. Code § 1788.17.

32. Through this conduct, Gurstel violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, and legal status of the debt in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Gurstel also violated Cal.

Civ. Code § 1788.17.

33. Through this conduct, Gurstel violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Gurstel also violated Cal. Civ. Code § 1788.17.

34. Through this conduct, Gurstel violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Gurstel also violated Cal. Civ. Code § 1788.17.

35. Through this conduct, Gurstel violated 15 U.S.C. § 1692f(1) by collecting an amount not expressly authorized by the agreement creating the debt or permitted by law. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Gurstel also violated Cal. Civ. Code § 1788.17.

36. Plaintiff subsequently received a letter from Gurstel on behalf of LVNV dated October 26, 2023.

37. Therein, Gurstel and LVNV notified Plaintiff the Collection Action would be filed against Plaintiff.

38. Through this October 26, 2023 letter, Gurstel and LVNV either directly or indirectly violated 15 U.S.C. §§ 1692e; 1692e(2)(A); 1692e(10); 1692f; 1692f(1); and, Cal. Civ. Code § 1788.17.

39. Plaintiff continued to gather evidence to substantiate her claims in hopes that Gurstel and LVNV would elect to dismiss the Collection Action.

40. In that regard, Plaintiff sent written disputes dated February 12, 2024 to LVNV and the credit bureaus; Equifax; Experian; Trans Union; and, Innovis.

41. Plaintiff's February 12, 2024 dispute included an explanation regarding Plaintiff's basis for her belief that she is the victim of identity theft.

42. Plaintiff also included a copy of her California Driver License, a Police Report from the Riverside County Sheriff's Department.
43. Plaintiff's dispute demanded LVNV dismiss the Collection Action due to the fraudulent nature of the debt.
44. LVNV received Plaintiff's dispute on February 16, 2024.
45. LVNV and the Credit Bureaus were required to perform a reasonable investigation following receipt of Plaintiff's disputes.
46. Plaintiff eventually received responses from Equifax and Trans Union that the LVNV tradeline was removed from her credit.
47. LVNV, however, has refused to dismiss the Collection Action even though it received Plaintiff's dispute more than thirty days ago.
48. By maintaining this Collection Action, LVNV has maintained an interest in the fraudulent debt in violation of Cal Civ. Code § 1798.93.
49. Through this conduct, LVNV violated 15 U.S.C. §§ 1692e; 1692e(2)(A); 1692e(10); 1692f; 1692f(1); and, Cal. Civ. Code § 1788.17.
50. Plaintiff has spent countless hours disputing this inaccurate information with LVNV in an attempt to provide any and all information needed for the investigations.
51. While Plaintiff was always thorough in her disputes, LVNV merely responded with form letters that failed to consider any of the specifics identified in Plaintiff's disputes.
52. Plaintiff's anxiety; frustration; stress; lack of sleep; nervousness; anger; and, embarrassment continues to this day because this large delinquency mischaracterizes Plaintiff as someone that avoids Plaintiff's financial obligations.
53. Despite Plaintiff's repeated attempts, LVNV continues to collect this invalid debt from Plaintiff.

54. LVNV acted in conscious disregard for Plaintiff's rights.

55. To maintain the collection efforts despite the invalid nature of the Debt shows that LVNV took action involving an unjustifiably high risk of harm that was either known or so obvious that it should be known.

56. LVNV's outrageous, abusive, and malicious acts constituted an intrusion upon Plaintiff's seclusion.

57. LVNV intruded upon the solitude and seclusion of Plaintiff's private affairs by obtaining a copy of personal information in connection with a transaction not authorized by Plaintiff.

58. In addition, LVNV's repeated collection efforts misrepresenting Plaintiff to be personally liable for the Debt also intruded upon the solitude, seclusion, and private affairs of Plaintiff.

59. LVNV's intrusions were substantial and highly offensive to Plaintiff as well as an ordinarily reasonable person.

60. LVNV's intrusions caused Plaintiff to sustain injury, damages, loss, and harm in the form of emotional distress and pecuniary loss as discussed herein.

61. Based upon the discussion above, Plaintiff contends that punitive damages are available to Plaintiff.

62. Since Plaintiff's efforts to be absolved of the invalid debt were unsuccessful, Plaintiff was required to bring this Counter Claim to finally resolve Plaintiff's remaining disputes.

# COUNT I

## VIOLATION OF CALIFORNIA'S IDENTITY THEFT ACT
## CAL. CIV. CODE §§ 1798.92-1798.97 (CITA)
## [AGAINST EACH OF THE DEFENDANTS]

1. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

2. The foregoing acts and omissions constitute numerous and multiple violations of CITA.

3. As a result of each and every violation of CITA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1798.93(c)(5); a civil penalty in an amount up to $30,000.00 pursuant to Cal. Civ. Code § 1798.93(c)(6); costs pursuant to Cal. Civ. Code § 1798.93(c)(5), attorney's fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5) and any equitable relief the Court deems appropriate pursuant to Cal. Civ. Code § 1798.93(c)(5).

# COUNT II

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §§ 1692-1692(P) (FDCPA)
## [AGAINST EACH OF THE DEFENDANTS]

4. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

5. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

6. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant individually.

## COUNT III
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
## CAL. CIV. CODE §§ 1788-1788.32 (RFDCPA)
## [AGAINST EACH OF THE DEFENDANTS]

7. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

8. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

9. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendants.

## COUNT IV
## INTRUSION UPON SECLUSION
## [AGAINST LVNV]

63. Self incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

64. The foregoing acts and omissions constitute numerous and multiple instances of inclusion upon seclusion.

65. LVNV intentionally intruded upon the solitude or seclusion, private affairs or concerns of Self

66. This intrusion was substantial, and of a kind that would be highly offensive to an ordinarily reasonable person.

67. The intrusion caused Self to sustain injury, damage, loss, and harm.
68. LVNV penetrated a zone of physical or sensory privacy surrounding Self and obtained unwanted access to data regarding Self.
69. Self had an objectively reasonable expectation of seclusion or solitude in the data source.
70. The actions taken by LVNV indicate a willingness to execute, maintain, and pursue improper business practices regardless of the validity of the debt.
71. In pursuing their egregious, and unlawful debt collection efforts against Self, LVNV is guilty of oppression, fraud, and malice as defined by Cal. Civ. Code § 3294(c)(1), (2), (3).

## PRAYER FOR RELIEF

WHEREFORE, Self prays that judgment be entered against each Defendant for:

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against each named Defendant individually;
- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against each named Defendant individually;
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against each named Defendant individually;
- Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award Statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to the FDCPA, against each named Defendant individually;
- Punitive damages according to proof as to the intrusion upon seclusion;
- An award of actual damages pursuant to Cal. Civ. Code § 1798.93(c)(5);

- A civil penalty in an amount up to $30,000.00 pursuant to Cal. Civ. Code § 1798.93(c)(6);
- Any equitable relief the Court deems appropriate pursuant to Cal. Civ. Code § 1798.93(c)(5); and,
- Any and all other relief the Court deems just and proper.

## TRIAL BY JURY

72. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demand, a trial by judge.

Dated: January 24, 2025                              Respectfully submitted,

**LOKER LAW, APC**

By: ___/s/ Mikayla G. Regier__
MIKAYLA G. REGIER, ESQ.
ATTORNEY FOR PLAINTIFF,
DANIELLE SELF